BROWN, J.
Is the motor vehicle exclusion in defendant’s homeowner’s insurance policy, when read in conjunction with the definition of the term “motor vehicle,” ambiguous?
On October 26, 1996, 14-year-old Connie Paxton sustained personal injuries when she lost control of the three-wheeled all-terrain vehicle (“ATV”) she was riding. On that date, Connie had gone with her boyfriend, Scott Sams, to ride ATVs on rural property owned by Scott’s cousins, Carla and Paul Martin. The ATV ridden by Connie was provided by Scott’s mother and stepfather, Wanda and Lloyd Sander-son.
Patricia Paxton, Connie’s mother, filed the instant personal injury action, individually and on behalf of Connie, seeking damages. Named as defendants were Wanda and Lloyd Sanderson and their homeowner’s insurer, State Farm Fire and Casualty Company.[1]
State Farm filed a motion for summary judgment asserting that there was no coverage under the terms of the homeowner’s policy issued to the Sandersons based upon a motor vehicle exclusion. The trial court granted summary judgment and dismissed plaintiffs’ demands against State Farm. Both plaintiffs and the Sandersons have appealed.[2]

Discussion

According to plaintiffs, the trial court’s grant of summary judgment is improper because the language in the provision relied upon to exclude liability coverage is ambiguous. The applicable provision states:
| ¡¡C overage L (Personal Liability) and Coverage M (Medical Payments to Others) do not apply to: ...
*636 (e) Bodily injury or property damage arising out of the ownership, maintenance, use, loading or unloading of: ...
(2) a motor vehicle owned or operated by or rented or loaned to any insured.
The policy defines “motor vehicle” as: ...
(c) a motorized golf cart, snowmobile or other motorized land vehicle owned by an insured and designed for recreational use off public roads, while off an insured location. A motorized golf cart while used for golfing purposes is not a motor vehicle; ...
In support, plaintiffs cite Gedward v. Sonnier, 97-1068 (La.App. 3d Cir.05/29/98), 713 So.2d 770, in which the Third Circuit found identical policy language to be ambiguous.
Since the instant appeal was lodged, the Third Circuit’s decision in Gedward was affirmed in part and reversed in part (on other grounds) by the Louisiana Supreme Court, Gedward v. Sonnier, 98-1688 (La.03/02/99), 728 So.2d 1265. In that ease, the supreme court found that the motor vehicle exclusion in the “homeowner’s” policy, when read in conjunction with the policy’s definition of the term “motor vehicle,” was ambiguous.
Justice Kimball, writing for the majority, first discussed the applicable principles of contractual interpretation:
Each provision in an insurance policy must be interpreted in light of the other provisions so that each is given the meaning suggested by the contract as a whole. See La. C.C. art.2050. An insurance contract must be construed as a whole, and one portion cannot be construed separately at the expense of disregarding another. Crabtree v. State Farm Ins. Co., 93-0509 (La.02/28/94), 632 So.2d 736; Pareti v. Sentry Indem. Co., 536 So.2d 417 (La.1988). If there exists an ambiguity in a policy, that ambiguity should be construed in favor of the insured and against the insurer. Pareti, 536 So.2d at 420. That is, “[i]f the language of the exclusion is subject to two or more reasonable interpretations, the interpretation which favors coverage must be applied.” Garcia v. St. Bernard Parish School Board, 576 So.2d 975, 976 (La.1991).
Gedward, 728 So.2d at 1269.
| ¡¡Thereafter, turning to the exclusionary provision, the majority held:
In light of the foregoing principles, we find the motor vehicle exclusion must be interpreted with reference to the definition of “motor vehicle.” AIC’s policy excludes coverage for bodily injury arising out of the use of a “motor vehicle owned or operated by, or rented or loaned to” the insured. The policy, however, defines “motor vehicle” as a “motorized golf cart, snowmobile or other motorized land vehicle owned by an insured.” (Emphasis added.) AIC argues the exclusion enlarges and essentially redefines the term “motor vehicle.” Arguably, this is a plausible interpretation of the two provisions. We believe, however, that the insured could have reasonably concluded from reading both the entire definition of “motor vehicle” and the exclusion that the exclusion only applies to recreational vehicles owned by him. This is reasonable in light of the fact that of the four possible categories of “motor vehicles” defined by the policy, ownership is a component only of so-called “motorized land vehicles.” That is, it is reasonable to conclude that the other types of motor vehicles defined in the policy, those defined without reference to ownership, are excluded when operated, rented or loaned, but that only recreational vehicles owned by the insured are excluded. As such, two readings of these provisions are possible and reasonable and the exclusion is therefore ambiguous. Because of the existence of the ambiguity, we must interpret the ambiguity in favor of the insured and hold that AIC’s policy does not exclude coverage for plaintiffs’ injuries if Sonnier is found to have been negligent. Therefore, we find the trial court erred *637 in granting AIC’s motion for summary judgment.
Id. at 1269-70.
The language of the above exclusion and definition, found by the supreme court to be ambiguous and therefore ineffective to preclude coverage, is virtually identical to the language of the provisions at issue in the instant case. The factual postures of the two cases, however, are dissimilar. In Gedward, the ATV involved in the accident was a non-owned vehicle. In the case sub judice, while plaintiffs and the Sandersons argue that there is a dispute as to the three-wheeler’s ownership, the record clearly shows that the ATV was in fact owned by the Sandersons at the time of Connie’s accident. Furthermore, in Gedward, the injured party was the 10-year-old son of the insured and the accident occurred on the insured premises. In the instant case, the accident involving Connie, the girlfriend of the insureds’ minor son, was on non-owned premises.
1¿Notwithstanding these factual distinctions, the supreme court in Gedward, su-fra, has dictated an examination of the motor vehicle exclusion with reference to applicable policy definitions, particularly the term “motor vehicle.” Because the language held to be ambiguous in Gedward is the same as that in the homeowner’s policy in the case sub judice, we likewise find the exclusion to be ambiguous and therefore invalid. We therefore reverse the trial court’s grant of summary judgment to State Farm on this ground.
While we have determined that the Sandersons’ homeowner’s policy does not exclude coverage for plaintiffs’ injuries, we note that remand to the trial court is necessary for resolution of the issue of the negligence, if any, on the part of the Sand-ersons.

Conclusion

For the reasons expressed above, the judgment of the trial court is REVERSED and the matter is REMANDED for further proceedings consistent with this opinion.
GASKINS and CARAWAY, JJ., dissent with reasons.

. By virtue of an amending petition, plaintiffs added as defendants Paul and Carla Martin, owners of the property upon which Connie’s accident occurred.

. In lieu of filing a separate brief, the Sander-sons have adopted the arguments set forth by plaintiffs in their brief.