PER CURIAM.*
Writ granted. The question presented by this application is whether the motor vehicle exclusion in defendant’s homeowner’s insurance policy, when read in conjunction with the definition of the term “motor vehicle,” is ambiguous when applied to the particular facts at issue. The court of appeal, relying on this court’s decision in Gedward v. Sonnier, 98-1688 (La.3/2/99), 728 So.2d 1265, found the policy ambiguous in this regard and reversed the trial court’s grant of summary judgment in favor of the insurer. We now reverse this decision and remand the case to the court of appeal for further proceedings.
In Gedward, this court found an ambiguity existed in defendant’s homeowner’s policy because an insured “could have reasonably concluded from reading both the entire definition of ‘motor vehicle’ and the exclusion that the exclusion only applies to recreational vehicles owned by him.” Id. at 1269. Because defendant in that case did not own the all-terrain vehicle (ATV) involved in the accident, this court interpreted the ambiguity in favor of the insured and held that the policy did not exclude coverage for plaintiffs injuries if defendant was subsequently found negligent.[1]
*504 In contrast to Gedward, the court of appeal in this case stated that “the record clearly shows that the ATV was in fact owned by the [insureds] at the time of [the] accident.” Paxton v. Sanderson, 32,-313, p. 3 (La.App. 2 Cir. 12/10/99), 763 So.2d 634, 637. As such, the ambiguity present in Gedward, wherein the insured did not own the ATV and could reasonably have concluded that only recreational vehicles owned by him were excluded from coverage, is not present in the instant case. The court of appeal therefore erred in concluding, based solely on this court’s decision in Gedward, that the motor vehicle exclusion, when applied to the instant facts, is ambiguous. The judgment of the court of appeal is reversed and the case is remanded to the court of appeal for further proceedings consistent with this opinion.
REVERSED AND REMANDED.

 Marcus, J., not on panel. Rule IV, Part 2, § 3.

. In reaching this conclusion, the court stated the following in footnote 3:
*504 Having resolved the issue of whether the ATV was a "motor vehicle” under the terms of the policy in this manner, we, like the appellate court, need not address in this appeal the issue of whether the ATV was "loaned” to [defendant].
Plaintiffs and the insureds read this footnote to mean this court did not address the issue of ownership of the ATV in Gedward. This reading is incorrect. In Gedward, it was clear that the insured did not own the ATV. The issue of whether the ATV was loaned to him arose, however, because its owner, the insured's brother who was working offshore on the date of the accident, did not give the insured permission to use the ATV that weekend. Thus, the issue not discussed in the Gedward opinion and referred to in footnote 3 was whether the ATV could be considered "loaned” to the insured under these circumstances.